## JAS. W. GRAHAM v. S. J. M. MAJORS & TOBIN.

**Contracts—Executory—Dissolution—Defect of Title—Incumbrance.**

A chancellor will never dissolve even an executory contract at the instance of a complainant seeking a dissolution on the ground of a defect in or incumbrance on the title, if the incumbrance be removed and the title rendered perfect before the hearing, especially if there be no fraud on the part of the vendor by which injury accrues to the vendee.

**Judgment—Rescission—Finality of Determination.**

A judgment refusing to cancel a deed or to rescind a contract of purchase is a final determination of the question and may be appealed from although the judgment directs a sale of the property.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

January 9, 1871.

OPINION BY JUDGE LINDSAY:

Majors, being the owner of an undivided interest of two-thirds in a distillery and fixtures in Franklin county near the city of Frankfort, sold and conveyed one-half of his said interest to the appellant, Graham. A contract of partnership entered into between Graham and Majors & Tobin (who owned or controlled the remaining one-third of the property) by which it was agreed upon terms therein set out that they would engage in the manufacture and sale of spirituous liquors as well as in purchasing, feeding and selling stock.

Graham brought this suit alleging that the firm had made a considerable outlay of money for labor and material in repairing and renovating the distillery, and had also purchased grain and stock preparatory to commencing business, but he charged that "notwithstanding all this outlay and expenditure and preparation, said Majors & Tobin had shown no disposition to go on as

the terms of the partnership require, but on the contrary, refused to do so."

He also stated that no license had been procured from the federal government, and that he "had been informed. and believed and therefore charged that Majors was owning to N. Craig a balance on the property for which a lien was held," and that in consequence of said lien "no license could issue," and that this fact was concealed from him by Majors.

He prays for a rescission of the contract of sale by Majors to him for a settlement of the partnership and for judgment against Majors for $4,000 on account of damages he claims to have sustained by reasons of Majors' failure to pay off and satisfy Craig's lien, and for other violations of the contract of partnership.

From this petition and from the answers of Majors and Tobin and the exhibits and evidence in the case, it appears that for reasons which they deemed satisfactory, Majors and Tobin did refuse to go on with the partnership business and that the contemplated adventure was therefore necessarily abandoned. Further, that Craig did hold a lien upon the property and that license could not have been procured so long as that lien existed, and that it was not removed by Majors until after the institution of this action and within a very short time before the rendition of the judgment appealed from.

The court below refused to cancel the deed from Majors to Graham or to rescind the contract of sale but ordered a sale of the partnership property, and referred all questions of accounts growing out of the partnership to a commissioner.

To the extent that this judgment refuses to rescind the contract of sale by Majors to Graham and directs a sale of the partnership property, it is final and can be revised by this court

A chancellor will never dissolve even an executory contract at the instance of a complainant seeking a disssolution on the ground of a defect in or incumbrance on the title if the incumberance be removed and the title rendered perfect before the hearing, especially if there be no fraud on the part of the vendor by which injury accrues to the vendee. *Daniel & Breck v. Smyth,* 5th B. Monroe 347.

In this case the contract was executed and it is not proven that Majors made any fraudulent representations to nor that he

fraudulently concealed from Graham anything pertaining to the title of the property conveyed.

Generally speaking, Graham could have had no relief except upon the warranty of Majors unless upon the allegation and proof of insolvency.

In this particular case, if he had been prevented from using the property for the purposes for which it was brought, by reason of the failure of Majors to remove the lien in favor of Craig, the chancellor might have given him the relief sought, but he charges in his petition, and Majors and Tobin both admit that the business contemplated by the partnership was abandoned by them for reasons which they insist were good and sufficient.

It seems that the firm never reached that point when it become necessary to apply for license, and hence it cannot be said that Graham sustained any actual damages on account of the existence of Craig's lien.

The evidence in the case fully warranted the chancellor in ordering a sale of the partnership property, and as the lien of Craig was removed before the hearing, his judgment, so far as this court has power to revise it, is affirmed.

*Lindsay, for appellant.*

*Craddock, for appellees.*